NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

Sashitharan **KANAGARATNAM**,
Petitioner,

v.

Alberto R. **GONZALES, United States Attorney General, Respondent.**

No. 06–5313–ag.

United States Court of Appeals,
Second Circuit.

July 13, 2007.

Joseph A. Devamithran, Fairfax, VA, for Petitioner.

Charles R. Gross, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Sashitharan Kanagaratnam, a native and citizen of Sri Lanka, seeks review of a October 20, 2006, order of the BIA affirming the May 5, 2005, decision of Immigration Judge ("IJ") Michael W. Straus, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sashitharan Kanagaratnam*, No. A95 968 685 (B.I.A. Oct. 20, 2006), *aff'g* No. A95 968 685 (Immig. Ct. Hartford, CT, Aug. 16, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA issued an opinion that fully adopted the IJ's decision, we reviews the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Se-caida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "Under this standard, we will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Zhou Yun Zhang,* 386 F.3d at 73 (internal quotations omitted). Thus, we generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 74 (internal quotation marks omitted). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307; *see, e.g., Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005) (overturning adverse credibility determination because, among other errors, the IJ failed to identify the specific inconsistencies on which the determination was based).

In this case, we address whether inconsistencies between the Canadian Immigration and Refugee Board's ["CIRB"] findings and Kanagaratnam's asylum application and testimony before the IJ can properly be considered "evidence in the

record" where there is no transcript to verify the findings made in the CIRB decision. We find that the IJ improperly relied on specific inconsistencies that are not apparent in the record. An adverse credibility determination must be based on specific inconsistencies apparent in the record. *See Zhou Yun Zhang,* 386 F.3d at 73. By requiring an IJ to point out specific examples of inconsistencies, we ensure that there is a sufficient basis to review the IJ's findings and to determine that the IJ has not misstated the facts in the record or improperly based his findings on speculation. *See Secaida–Rosales,* 331 F.3d at 307 ("Adverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible."). In this case, it is impossible to determine whether the CIRB's findings regarding Kanagaratnam's testimony about his 1996 arrest and lack of medical care after his 2000 arrest are based on specific inconsistent statements because his testimony before the CIRB was not made part of the record before the IJ.

■ Moreover, the only basis upon which to find an actual inconsistency is to compare Kanagaratnam's Canadian affidavit with his U.S. application and testimony. A comparison of the two shows that the only possible inconsistent statement is that the Canadian affidavit indicates that there was a 1996 arrest, but does not include any statement that a beating occurred in conjunction with that arrest. This inconsistency alone is not enough to support an adverse credibility determination, as "asylum applicants are not required to list every incident of persecution" in their written applications, *see Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), and in evaluating whether an omission is sufficiently substantial to support an adverse credibility finding, we take "note of the fact that the circumstances surrounding the applica-

tion process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and that holding applicants to such a standard is not only unrealistic but also unfair," *Secaida–Rosales,* 331 F.3d at 308. Reliance on this omission is also improper because Kanagaratnam explained that his Canadian application had been prepared by an interpreter. Where such an explanation is given, the IJ must evaluate this explanation and determine whether it rebuts the presumption, under 8 C.F.R. § 1208.3(c)(2), that the applicant was aware of the contents of the application when it was filed. *See Zhi Wei Pang v. BCIS,* 448 F.3d 102, 108 (2d Cir.2006). This rule has greater importance where, as here, the alleged omission is in an asylum application filed in a foreign jurisdiction under regulations and circumstances that the IJ is unfamiliar with.

Because the alleged inconsistencies are not based on testimony that was before the IJ, there are no inconsistent statements apparent from the record and no means for this Court to determine whether those inconsistent statements actually exist. In a case such as this, where the IJ relied solely on discrepancies between the findings of a foreign tribunal and statements made in the U.S., without access to the same information or testimony that was before that foreign tribunal, the IJ's decision cannot be deemed supported by substantial evidence.

For the foregoing reasons the petition for review is GRANTED and REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot, Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2), Second Circuit Local Rule 34(d)(1).